# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **STEPHEN J. PINKNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     CAUSE NO. 1:07-CV-186 |
| | ) |
| **OFFICER WILLIAM THOMAS,** | ) |
| **RALPH PECONGE, and** | ) |
| **CITY OF FORT WAYNE,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court[1] is a motion in limine (Docket # 53) filed by Defendants Officer William Thomas, Ralph Peconge, and the City of Fort Wayne, filed on September 24, 2008. Because Plaintiff, by counsel, chose not to file a response brief and stated at the hearing on October 3, 2008, that he had no objection to the motion (Docket # 69), Defendants' motion in limine will be GRANTED.

### *A. Nature of an Order In Limine*

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### B. Defendants' Motion In Limine

In their motion, Defendants seek to preclude the following evidence:

1. Any prior or subsequent incidents involving Defendant Thomas, or other member of the Fort Wayne Police Department, wherein there was an allegation of the use of excessive force during the course of an arrest; their investigation; and their disposition.

2. Any prior or subsequent charges of misconduct against Defendant Thomas; their investigation; and their disposition.

3. Any arrest, criminal charge, guilty plea, sentence, conviction, or any criminal proceeding against Defendant Thomas.

4. Any reference to Defendant Thomas's departure from the ranks of the Fort Wayne Police Department, other than the fact that he resigned from the force.

5. Any testimony by two witnesses listed by Plaintiff in the Proposed Pre Trial Order who have never been properly identified to the Defendants. These are "Purnell _____ (believed to be called Ron White), address currently unknown" and "Doctor (identity currently unknown) at Allen County Jail."

6. Any medical opinions by Plaintiff regarding his current medical problems, any assertion that any medical problems persisted after his arrest, or any assertion that subsequent surgery was performed or was necessary as a result of any injury sustained at the time of his arrest.

7. Liability insurance or any mention of the City of Fort Wayne's indemnity obligation or opportunity to indemnify any Defendant.

8. Attorney Fees.

9. The denial of Defendant Peconge's Motion for Summary Judgment.

10. Settlement negotiations.

11. Any medical/hospital bills or invoices or any other reference in testimony or otherwise as to any medical/hospital expenses allegedly caused by any conduct of the Defendants.

As stated *supra,* Plaintiff's counsel did not file a response brief and stated at the hearing held on October 3, 2008, that he had no objection to Defendants' motion in limine. Therefore, Defendants' motion will be granted in its entirety.

## *C. Conclusion*

For the foregoing reasons, Defendants' motion in limine (Docket # 53) is GRANTED. It is therefore ORDERED that counsel, those acting on behalf of the parties, and any

witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for October 7, 2008.

                                        S/Roger B. Cosbey
                                        Roger B. Cosbey,
                                        United States Magistrate Judge