# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEPHEN J. PINKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-186 |
| | ) | |
| OFFICER WILLIAM THOMAS, | ) | |
| RALPH PECONGE, and | ) | |
| CITY OF FORT WAYNE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court[1] on the motion in limine Plaintiff Stephen J. Pinkney ("Pinkney") filed on September 17, 2008 (Docket # 44), and his supplemental motion in limine, filed on September 24, 2008 (Docket # 51). Briefing was completed on the motions in limine on October 3, 2008. (*See* Docket # 69.) For the reasons provided, Pinkney's first motion in limine (Docket # 44) will be GRANTED in part, DENIED in part, and deemed MOOT in part.[2] Pinkney's supplemental motion in limine (Docket # 51) will be GRANTED.

## I. NATURE OF AN ORDER IN LIMINE

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

[2] This Opinion and Order assumes the reader is familiar with the factual and legal background of this case.

nature and subject to change." *Id*.; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## II. PINKNEY'S MOTIONS IN LIMINE

### A. *"Send a Message" Statements in Opening Statements or Closing Arguments, Attorney Fees, and Settlement Negotiations*

The Defendants do not object to Pinkney's motion in limine seeking to prohibit any "send a message" statements during opening statements and closing arguments (Pl. Mot. in Limine 2), or to exclude evidence of attorney fees (Pl. Mot. in Limine 3) and settlement negotiations (Pl. Mot. in Limine 3). (Defs.' Resp. to Pl. Mot. in Limine ("Defs.' Resp.") 4, 11-12.) As a result, Pinkney's motion will be GRANTED with respect to this evidence.

### B. *Narrative Reports of Defendants Thomas and Peconge*

Pinkney first seeks an order in limine to exclude the narrative reports of Thomas and Peconge regarding the October 3, 2006, incident that gave rise to this law suit because they are

biased, prejudicial, and unreliable. (Pl. Mot. in Limine 1-2.) With respect to Peconge, the Defendants state that they are not aware that Peconge authored any narrative reports. (Defs.' Resp. 1-2.) As to Thomas, however, the Defendants contend that he should be permitted to refer to the narrative reports to refresh his recollection while testifying, and to read parts of the reports into evidence if necessary. (Defs.' Resp. 2, 4.) In reply, Pinkney voiced that he had no objection to the use of Thomas's narrative reports for the purpose of refreshing his recollection, but that he objects solely to the admission of the documents or the actual reading of the reports into evidence. (Reply Br. 1.)

Accordingly, the Court will GRANT Pinkney's motion to exclude Thomas's narrative reports, subject to the following: 1) that Thomas be permitted to refresh his memory while testifying, if necessary, under Federal Rule of Evidence 612; or 2) that if the Defendants lay a proper foundation, Thomas may read the document into evidence under Rule 803(5). In addition, because Peconge prepared no report, Pinkney's motion to exclude Peconge's reports is MOOT.

### C. Pinkney's Prior Arrests and Prior Convictions

Pinkney's motion in limine also seeks to exclude evidence of Pinkney's arrest record, conviction record, and record of other "bad acts." (Pl. Mot. in Limine 2 (citing Fed. R. Evid. 404(b)).) Defendants argue that the convictions are admissible to impeach Pinkney under Federal Rule of Evidence 609. (Resp. Br. 4-8.) Pinkney did not reply on this point and therefore ostensibly does not object to the admission of this evidence for impeachment purposes only.

Rule 609(a) governs the admission of Pinkney's felony convictions, and provides that evidence of a witness's criminal conviction is admissible, subject to Rule 403, "if the crime was

3

punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . ." Fed. R. Evid. 609(a)(1). Convictions are not admissible "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The Seventh Circuit Court of Appeals has "defined both the starting and ending points for the calculation of Rule 609(b)'s ten-year time limit. The clock starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction." *United States v. Rogers*, __ F.3d __, 2008 WL 4072542, at *3 (7th Cir. 2008) (citation omitted). "[T]he end date of the time limit for impeaching convictions is the start of the trial at which the witness is testifying." *Id.* (citation omitted).

Pinkney has stipulated that he has a July 30, 1997, South Carolina conviction of grand larceny of a vehicle, and a March 27, 1998, South Carolina second degree burglary conviction. (*See* Defs.' Resp. Exs. A, B; Pre-trial Order 8.) Both convictions fall outside the ten years preceding the October 14, 2008, trial date, and the Defendants have not shown that their probative value substantially outweighs their prejudicial effect.[3] Both are thus excluded under Rule 609(b).

Pinkney's four other felony convictions, however, clearly fall within the ten year period before the trial date of October 14, 2008, and therefore are admissible under Rule 609(b), subject

---

[3] Although Pinkney was apparently sentenced to five years incarceration for the 1997 conviction and two years incarceration for the 1998 conviction (Defs.' Resp. Exs. A, B), we have no record of the dates of his release in either instance. Because there is no evidence that Pinkney's release for either conviction was within ten years of the October 14, 2008, trial date, both the 1997 and 1998 South Carolina convictions must be excluded.

4

to an appropriate limiting instruction: a 2000 South Carolina conviction for second degree burglary; an April 2, 2007, Allen County, Indiana, Superior Court conviction for possession of cocaine; an April 2, 2007, Allen County, Indiana, Superior Court conviction for receiving stolen property; and an August 7, 2007, conviction in Allen County, Indiana, Superior Court for possession of drug paraphernalia.[4]

Pinkney has also stipulated that he has a 2006 Allen County, Indiana, Superior Court misdemeanor conviction for false informing. Federal Rule of Evidence 609(a)(2) provides that other criminal convictions may be admissible "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). Pinkney's false informing conviction involves knowingly reporting false information, *see* Ind. Code § 35-44-2-2(d), and therefore by definition satisfies Rule 609(a)(2)'s requirement of proof of or admission of an act of dishonesty or false statement. Therefore, Pinkney's 2006 false informing conviction is admissible under Rule 609(a)(2), subject to an appropriate limiting instruction.

Accordingly, Pinkney's motion is GRANTED with respect to his 1997 South Carolina conviction of grand larceny of a vehicle and his 1998 South Carolina conviction for second

---

[4] Pinkney makes no argument as to why the probative value of these convictions for purposes of impeachment is outweighed by any prejudicial effect, *see* Fed. R. Evid. 609(a), 403, and the Court can see none. After all, the credibility of Pinkney, Peconge, and Thomas are central to the case. *See United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). However, to minimize the risk of undue prejudice, Defendants are limited to submitting into evidence solely the date, charge, and disposition of the convictions. *See, e.g., Charles v. Cotter*, 867 F.Supp. 648, 656 (N.D. Ill. 1994) (concluding that the witness's felony convictions were probative evidence of his credibility and that any prejudicial effect was reduced by limiting the cross-examination "to the crime charged, the date, and the disposition (i.e., guilty or not guilty – not length of sentence) with respect to felony convictions during the past ten years").

degree burglary. The motion is DENIED as to his remaining five convictions, which are admissible only upon an appropriate limiting instruction and for the sole purpose of impeachment.

*D. Any Alleged History of Drug or Alcohol Use/Abuse,
and Possession of Crack Cocaine and Stolen Credit Cards at the Time of the Incident*

Pinkney also seeks to bar the introduction of evidence of his history of substance abuse, contending that it is irrelevant, is inadmissible character evidence under Federal Rule of Evidence 404(b), and would be unfairly prejudicial. (Pl. Mot. in Limine 3.) In his supplemental motion, Pinkney similarly seeks to exclude evidence that he possessed crack cocaine and stolen credit cards during the incident. (Pl. Supplemental Mot. in Limine 1.)

Defendants object, arguing that evidence of Pinkney's admission of cocaine possession during the incident on October 4, 2006, is relevant to show that Pinkney had a violent confrontation with "Vel," who Defendants contend injured Pinkney's face during a dispute over drugs. (Defs.' Resp. 9-10.) Specifically, Defendants seek to admit a surveillance video of Pinkney stating that he received the drugs from Vel: "I got it from the guy I was riding with . . . . the guy I got in a fight with." (Defs.' Resp. 10.) Defendants also wish to admit a surveillance video of the interview room showing Pinkney removing the drugs from his pants, contradicting his deposition testimony that he did not have drugs on him until he found some in the police interview room. (Defs.' Resp. 11.) The Defendants further seek to admit Pinkney's deposition testimony acknowledging that he had used drugs the day before the incident. (Defs.' Resp. 11.)

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Here, the risk of prejudice substantially outweighs the probative value of

evidence pertaining to Pinkney's prior substance abuse and possession of contraband at the time of the incident. Indeed, the probative value is tenuous, since neither Peconge nor Thomas knew that Pinkney had drugs on him when they initiated contact. *See, e.g.,Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *2 (N. D. Ill. April 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403). At the same time, there is a danger that this evidence would be unduly prejudicial and only confuse the jury, for rather than determining whether Thomas used excessive force, it might conclude that the treatment was warranted because Pinkney possessed contraband at the time of the chase.

Nonetheless, the video of Pinkney stating that he was "fighting" is admissible, subject to being edited of references to drug abuse or possession. In his reply, Pinkney did not object to the statement, and indeed, it is admissible as substantive evidence as an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2) (defining an admission as a statement "offered against a party and is . . . the party's own statement . . . ."), and for impeachment, *see* Fed. R. Evid. 613.

Accordingly, Pinkney's motion and supplemental motion will be GRANTED with respect to evidence of his past substance abuse and possession of crack cocaine and stolen credit cards during the incident. Pinkney's statement that he was fighting, however, is admissible, subject to editing out any reference to Pinkney's prior drug or alcohol abuse or possession of contraband.[5]

---

[5] As addressed *supra*, the date, charge, and disposition of Pinkney's April 2, 2007, drug conviction and August 7, 2007, drug paraphernalia conviction are admissible.

## III. CONCLUSION

For the foregoing reasons, Pinkney's motion in limine (Docket # 44) is GRANTED in part, DENIED in part, and MOOT in part, as set forth in this Order. Pinkney's supplemental motion in limine (Docket # 51) is GRANTED.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for October 7, 2008.

 S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge